IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY ALAN RICHIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-464 |
| | § | |
| WHARTON COUNTY SHERIFF'S | § | |
| DEPARTMENT STAR TEAM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION**

The plaintiff, Jeffrey Alan Richie, has filed a motion for reconsideration of this court's order staying the proceedings pending the outcome of his appeal from the court's order denying his motion for relief from the dismissal of other claims and defendants. (Docket Entry No. 159). The defendants have responded, (Docket Entry No. 160), and Richie has replied, (Docket Entry No. 161). Based on the motion, response, and reply; the record; and the applicable law, this court denies Richie's motion for reconsideration. The reasons are set out below.

**I.     Background**

In February 2009, Richie sued numerous defendants, including the Wharton County Sheriff's Department STAR Team ("STAR Team") and officers from the Sheriff's Department, including Sergeant Tommy Johnson, Chief Bill Copeland, Deputy Craig Howell, and John Does I & II. Richie alleged violations of his constitutional rights based on the use of excessive force and other actions law enforcement officers took against him during the execution of an arrest and search warrant. This court dismissed the claims against these defendants, retaining the claim against Chief Bill Copeland for excessive force and against Sergeant Tommy Johnson for failing to intervene to stop the use of

force. The court also permitted Richie to file an amended complaint to substitute James Elliot and James Molina as defendants in place of John Does I and II. (Docket Entry No. 105).

The STAR Team and Craig Howell filed a Motion to Sever, which was granted on October 24, 2011. (Docket Entry No. 121). On November 4, 2011, Richie filed a Motion to Alter or Amend Judgment, (Docket Entry No. 125), which the court denied on December 21, 2011, (Docket Entry No. 140). On January 5, 2012, Richie filed a notice of appeal from the order denying his motion for relief from judgment. (Docket Entry No. 142). On February 8, 2012, the defendants moved for a discretionary stay of the proceedings against them pending resolution of Richie's appeal. (Docket Entry No. 152). Richie filed no response and, on March 30, 2012, the court ordered the stay. (Docket Entry No. 154). Richie now moves the court to reconsider the order staying the proceedings pending the outcome of his appeal. (Docket Entry No. 159). The defendants filed a response to his motion to reconsider. (Docket Entry No. 160).

In his motion for reconsideration, Richie asserts that he did not receive a copy of the motion for stay. Accordingly, this court will treat this motion for reconsideration as if it had been a timely filed response opposing the requested stay.

**II.     Discussion**

Richie invokes judicial notice and asks this court to consider testimony that he gave in his 2008 state criminal trial about what occurred when the search and arrest warrant was executed. He argues that his testimony at that trial about his version of the events, which he describes, shows that Johnson and Copeland committed perjury in the declarations they submitted in the present case in support of their dispositive motions based on qualified immunity. Richie's description of the conflicting evidence as to the facts is consistent with this court's denial, in part, of the motion for

summary judgment filed by Copeland and Johnson, and the decision to retain the excessive-force claim and failure to intervene claim against these defendants.

Richie asserts that if this court takes judicial notice of his version of the events and the conflicts with the defendants' version, the defendants "cannot establish as a matter of law, that they acted in good faith and that a reasonable police officer could believe the force they used was necessary." (Docket Entry No. 159, p. 5). Richie argues that in granting the stay, this court erred in finding that the defendants made a sufficient showing of the likelihood that they will succeed on the merits. He also asserts that the delay will prejudice him because he cannot move forward on his appeal from the court's denial of his claim based on a denial of adequate medical care, and he is being deprived of such care.

Richie's argument fails, for several reasons. First, as the defendants point out, judicial notice does not apply to facts that are disputed, and there is a vigorous dispute between Richie and the defendants about what occurred when the warrant was executed. *See* FED. R. EVID. 201; *see, e.g., Estate of Henson v. Krajca,* 440 Fed.App'x 341, 346 (5th Cir. 2011) (not selected for publication in the Federal Reporter) ("Judicial notice must be taken cautiously; it applies only to facts not subject to reasonable dispute."). The court's prior denial of the summary judgment motion Copeland and Johnson filed asserting qualified immunity, does not support Richie's argument it was error to stay the trial of the claims against them pending his appeal from the order denying reconsideration of the dismissal of the other claims. Richie faces the obstacle, frequently encountered in such suits, that the defendants' testimony will corroborate each others' while Richie has only his own testimony to present. He also faces the obstacle that the law on qualified immunity gives a certain amount of deference to the on-the-scene decisions of law enforcement officers.

Richie's motion for reconsideration from the stay does not dispute the fact that if a stay is denied, there will be potentially duplicative costs and expenses. His argument that the severance of a few defendants is a reason to rule against the other defendants' motion for stay is unpersuasive.

Richie asserts that the stay will delay his ability to obtain adequate medical care because it will delay his appeal from the court's dismissal of his claim that the defendants had unconstitutionally deprived him of such care. As the defendants point out, however, there is no causal relationship between that appeal, which deals with events in 2008, when he was in the defendants' custody, and his ability to obtain medical care now and in the future from his current custodians, the Texas Department of Criminal Justice—Correctional Institutions Division.

Richie has not made the necessary showing for reconsideration.

**III.   Conclusion**

Richie's motion for reconsideration, (Docket Entry No. 159), is denied.

SIGNED on July 12, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge